United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3065

_____

Raphael Mendez

*Plaintiff - Appellant*

v.

FMC Facility Section, et al

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: January 20, 2022
Filed: January 27, 2022
[Unpublished]

_____

Before LOKEN, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Raphael Mendez is civilly committed under 18 U.S.C. § 4246 and confined at
the Federal Medical Center in Rochester, Minnesota ("FMC"). He brought this civil
action against FMC and numerous correctional officers alleging they are subjecting
him to an unconstitutional condition of confinement, namely, failing to remedy a
window in his cell that allows in cold air that leaves him unable to sleep. Mendez

appeals the district court[1] order granting defendants' motion to dismiss for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

Mendez's Complaint failed to specify the relief requested, contrary to Fed. R. Civ. P. 8, which is essential to determining the applicable legal standard.  See Archuleta v. Hedrick, 365 F.3d 644, 646-47 (8th Cir. 2004).  The district court nonetheless reviewed the claims *de novo* and determined they failed to state a claim:

> In neither the Complaint nor his objection [to Magistrate Judge Leung's recommendations] does Mendez identify any deprivation of a human need that FMC-Rochester imposed as punishment. . . . FMC-Rochester sought to mitigate the effects of the weather by giving Mendez additional blankets and clothing to protect against the cold. The resulting cold temperatures were beyond the control of a government entity and not intended as a punishment.

After careful *de novo* review, we agree.  See Karsjens v. Lourey, 988 F.3d 1047, 1052-54 (8th Cir. 2021).  Mendez's additional claim that he is being unlawfully confined at FMC is without merit.  His remedy for that claim is to file a motion "for a hearing to determine whether the person should be discharged from such facility" with the court that ordered his commitment, the Eastern District of North Carolina. See 18 U.S.C. § 4247(g); Archuleta, 365 F.3d at 648-49.

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.